UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40922
_____


BRENDA CAUDELL, Etc; ET AL,

      Plaintiffs

BRENDA CAUDELL, Individually and as Administrator of the Estate of
JOSEPH M. CAUDELL, (deceased)

      Plaintiff - Appellee


VERSUS


HALLIBURTON ENERGY SERVICES, INC; ET AL

      Defendants

FMC CORPORATION, doing business as FMC Energysystems Group

      Defendant - Appellant


_____

Appeal from the United States District Court
For the Southern District of Texas
No. G-99-CV-789
_____
July 15, 2002


Before KING, Chief Judge, PARKER, Circuit Judge, and ELLISON[*],
District Judge.

_____

    [*] District Judge of the Southern District of Texas, sitting by
designation.

1

PER CURIAM:[**]

## I.    INTRODUCTION

The Plaintiff-Appellee Brenda Caudell brought suit against the various defendants as a result of an accident in which her husband, Joseph Caudell, was killed when a pipe parted from a valve under high pressure.  The case was tried to a jury.  The jury determined that the Defendant-Appellant, FMC Corporation ("FMC"), was 50% at fault in causing Mr. Caudell's death and awarded the plaintiff more than $5 million dollars in damages.  The damage award included $3.5 million for Mrs. Caudell's loss of society and $1 million for Mr. Caudell's conscious pain and suffering.  The district court adjudged that Mrs. Caudell recover approximately $3 million from FMC.

FMC appeals from that judgment in favor of plaintiff-appellee Brenda Caudell.  FMC argues that the district court erred in failing to grant a mistrial after the district court questioned a witness.

## II. STANDARD OF REVIEW

We review the district court's denial of a motion for mistrial for abuse of discretion.  *U.S. v. Bentley-Smith*, 2 F.3d 1368, 1378 (5th Cir. 1993).  In doing so, we consider the jury charge and any corrective measures taken by the trial court to cure possible

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

errors. *Streber v. Hunter*, 221 F.3d 701, 740 (5th Cir. 2000).

## III. DISCUSSION

Our role is to determine whether the district court's questions were so prejudicial that FMC was denied a fair, as opposed to a perfect, trial. *United States v. Williams*, 809 F.2d 1072, 1086 (5th Cir. 1987). In making this determination, we review the proceedings as a whole and consider such factors as the context of the questions, the person to whom the questions were directed, and the presence of curative instructions. *United States v. Saenz*, 134 F.3d 697, 702 (5th Cir. 1998).

Rule 614(b) of the Federal Rules of Evidence permits judges to question witnesses. We have previously stated that a trial judge's questioning of witnesses is permissible if aimed at clarifying the evidence or managing the trial. *Williams*, 809 F.2d at 1087. However, we have also clearly stated that a judge's questioning should never evince or appear to evince partiality to one side over the other. *United States v. Davis*, 285 F.3d 378, 381 (5th Cir. 2001). In short, "a judge's discretion to question witnesses is not unfettered. A judge cannot assume the role of an advocate for either side." *U.S. v. Martin*, 189 F.3d 547, 553 (7th Cir. 1999).

After careful consideration, we conclude that the district court's questions and comments crossed the line to the point where a reasonable jury could question the impartiality of the trial judge. Therefore, we reverse the judgment of the district court

3

and remand the case back to the district court for a new trial.[1]
FMC's request to remove Judge Kent from retrial of the case is
denied.

---

[1] FMC raises several other issues on appeal.  Because we have
concluded that FMC is entitled to a new trial, we decline to
address the other issues except to note that the district court's
decision to allow the Garth Brooks song to be played to the jury
was reversible error.  On retrial, the district court can allow the
video with the pictures of Mr. and Mrs. Caudell to be shown to the
jury.  However, the audio portion of the video which included the
Garth Brooks song shall not be broadcast to the jury.